NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 24, 2008
Decided February 1, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1499

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> *v.* <br><br> ROBERT R. ROGERS, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. <br><br> No. 3:07-CR-24-RM <br><br> Robert L. Miller, Jr. *Chief Judge*. |

**O R D E R**

This appeal represents another entry in a long line of cases challenging a district court's classification of a prior offense as a crime of violence under U.S.S.G. § 4B1.2. While in prison for a 2006 conviction for sexual misconduct with a minor, Robert Rogers sent a threatening letter to a former friend who had assisted the government in obtaining a 2004 conviction of Rogers for possession of a firearm as a felon. Rogers pleaded guilty to mailing a threatening communication and to retaliation against a government witness, in violation of 18 U.S.C. §§ 876(b) and 1513(b)(2). The district court found that Rogers was a career offender under U.S.S.G. § 4B1.1 because he had two prior felony convictions for crimes of

violence. On that basis, the district court sentenced Rogers to 180 months on the first count and 120 months on the second, to be served concurrently. Rogers argues that his earlier conviction for sexual misconduct with a minor, IND. CODE § 35-42-4-9, is not a "crime of violence" as § 4B1.1 uses that term and therefore he should not have been sentenced as a career offender.

Under Indiana law, "[a] person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony." IND. CODE § 35-42-4-9(a). If the person is at least 21 years old, the crime becomes a Class B felony. IND. CODE § 35-42-4-9(a)(1). Rogers was convicted of the Class B felony. The statute also creates a separate Class A felony "if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, if it results in serious bodily injury, or if the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug . . . or controlled substance . . . or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge." IND. CODE § 35-42-4-9(a)(2).

Following the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), and our decision in *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009), we held in *United States v. McDonald*, No. 08-2703, slip op. at 13-14 (7th Cir. Jan. 25, 2010) that because the Wisconsin crime of second-degree sexual assault of a child is a strict-liability offense – in the sense that neither the victim's consent nor ignorance or reasonable mistake regarding the victim's age exculpates the offender – it is not purposeful and therefore it is not a crime of violence for the purpose of the career-offender enhancement. See WIS. STAT. § 948.02(2) ("Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony.")

Indiana courts similarly understand the crime of sexual misconduct with a minor to be a strict liability offense. See, *e.g.*, *Wallace v. State*, 905 N.E.2d 371, 381 n.11 (Ind. 2009). The Class B felony of sexual misconduct with a minor, in violation of IND. CODE § 35-42-4-9(a)(1), is therefore not a crime of violence for the specific purpose of the career-offender enhancement, and the district court therefore erred by sentencing Rogers under § 4B1.1.

We therefore VACATE the sentence and REMAND for further proceedings in light of *Begay* and *McDonald*.